# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RAY SCOTT HEID,** *et al.,*

    **Plaintiffs,**

                                        Civil Action 2:17-cv-650
                                        Judge Algenon L. Marbley
    v.                                          Magistrate Judge Chelsey M. Vascura

**MARK HOOKS,** *et al.,*

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiffs, Ray Scott Heid and James E. Damron, state prison inmates who are proceeding without the assistance of counsel, bring this action under 42 U.S.C. § 1983 against employees of Ross Correctional Institution ("RCI"). (ECF No. 1.) This matter is before the Court for the initial screen of Plaintiffs' Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiffs' Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons set forth below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiffs' equal protection claim and their class action allegation and that Plaintiffs be permitted to proceed on their claim of deliberate indifference to a risk of serious harm under the Eighth Amendment to the United States Constitution.

# I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiffs purport to represent a class of white inmates at RCI. They allege that black inmates who are members of prison gangs control access to the telephones in the cell block in

3

which Plaintiffs reside. Attempts by white inmates to gain access to the telephones result in violence and threats of violence, according to Plaintiffs' allegations. Plaintiffs allege that they have alerted the RCI warden and deputy warden, who are the Defendants in this action, to tensions over access to telephones but Defendants have failed to take meaningful action to eliminate the risk of harm to Plaintiffs and other white inmates. Plaintiffs request declaratory and injunctive relief, as well as nominal damages and punitive damages. They purport to represent a class of similarly-situated white inmates, and they assert equal protection and deliberate indifference claims against Defendants in their official and individual capacities.

The basis for Plaintiffs' equal protection claims is that "[p]ermitting the black inmate population to control five of the six phones is not reflective of the inmate racial composition at RCI." (Compl. p. 5, ECF No. 1-1.) Plaintiffs clarify that the black inmates exercise "control" over the telephones through intimidation and threats of violence and by permitting white inmates to use just one of the six telephones in the cell block. As a result, Plaintiffs allege, white inmates are denied the same access to the telephones as black inmates enjoy in violation of the United States Constitution's Equal Protection Clause.

Plaintiffs' Eighth Amendment claim is based on the same allegations. Plaintiffs allege that Defendants' failure to correct the telephone access problem has allowed a substantial risk of harm to persist at RCI. Plaintiffs further allege that, in addition to the threat of violence, incidents of actual violence have occurred. (*Id.* at p. 7) Plaintiffs allege that Defendants are aware of the tensions related to telephone access and have acknowledged the "pervasive risk of harm." (*Id.*) Still, Plaintiffs allege, Defendants have failed "to take reasonable measures to abate the serious risk of harm . . . ." (*Id.* at p. 8)

**III.**

Plaintiffs do not state an equal protection claim upon which this Court may grant relief. Prisoners are protected from invidious racial discrimination under the Fourteenth Amendment's Equal Protection Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Equal Protection Clause forbids racial classifications absent compelling justifications and a narrowly tailored plan. *Johnson v. California,* 543 U.S. 499, 509 (2005). Inmates retain the right to be free from government-sponsored race discrimination absent a compelling governmental interest supporting the racial classification. *See Johnson,* 543 U.S. at 508–15. To state an equal protection claim, a prisoner need only allege sufficient plausible facts to show "that a state actor intentionally discriminated against [him] because of membership in a protected class." *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir. 1990) (internal quotation marks omitted), *abrogated in part on other grounds by King v. Harwood*, 853 F.3d 568, 580 n. 4 (6th Cir. 2017), *reh'g en banc denied*, 853 F.3d 568 (6th Cir. 2017), *petition for cert. filed*, (Aug. 15, 2017) (No. 17-260); *see also Herron v. Harrison,* 203 F.3d 410, 417 (6th Cir. 2000); *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 255-56 (1995)).

Plaintiffs' allegations about the actions and inaction of Defendants Hook and Howard do not begin to approach that standard. Plaintiffs repeatedly allege indifference on Defendants' part, but they say nothing in their Complaint about an official policy of segregation or official conduct intentionally promoting segregation. They have also failed to allege discriminatory intent or purpose or anti-white bias on the part of Defendants Hooks and Howard. In the portion of their Complaint devoted to the equal protection claim specifically, Plaintiffs allege only that "those in authority's charge will not force integration for the benefit of equality for the Plaintiffs and, generally, those of the White race." (Compl. p. 6, ECF No. 1-1.) Combined with Plaintiffs'

allegations of Defendants' indifference, this failure-to-force-integration allegation amounts to a charge that Defendants were indifferent to the self-imposed segregation of the races in Plaintiffs' cell block and the control by black inmates of telephone access. Without additional plausible allegations of intent or purpose on Defendants' part, Plaintiffs may not maintain their equal protection claim. It is, therefore, recommended that the Court dismiss that claim.

Plaintiffs have, on the other hand, alleged plausible facts in support of their claim under the Eighth Amendment that Defendants Hooks and Howard were deliberately indifferent to a known risk of serious harm in the form of violence among inmates over telephone access. Prisoners are entitled to protection from violence at the hands of other inmates, and prison officials must take reasonable steps to guarantee inmate safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *Williams v. McLemore*, 10 F. App'x 241, 243-44 (6th Cir. 2001). To state an Eighth Amendment claim, an inmate must allege both objectively serious harm and deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). Where other prisoners are the source of the harm or threat of harm, the plaintiff inmate must allege that prison officials "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. The inmate need not wait for an actual injury but may base a claim for equitable relief on the threat of harm. *Id.* at 845. To satisfy Rule 8(a)'s pleading requirements as to the *serious harm* aspect of

the claim, a prisoner need only allege the existence of conditions that may lead to injury or future health problems. *See Brown v. Bargery*, 207 F.3d 863, 868 (6th Cir. 2000).

Liberally construed, Plaintiffs' allegations satisfy those requirements. They have alleged that Defendants were aware of the risk of violence related to telephone access in their cell block and that, even though they made multiple assurances that corrective action was forthcoming, Defendants did nothing to abate the risk. (Compl. p. 7, ECF No. 1-1.) Documents attached to Plaintiffs' Complaint as Exhibits appear to give credence to Plaintiffs' claim that Defendants knew of the telephone access tensions and the resulting risk of violence. The Court accepts as true, for purposes of this initial screen, Plaintiffs' allegation that Defendants have not taken corrective action to date. Finally, Plaintiffs' allegations suggest an atmosphere surrounding telephone access in which injuries are likely to occur and, indeed, have occurred. Plaintiffs' allegations are sufficient to satisfy the pleading requirements as outlined above. Accordingly, it is recommended that Plaintiffs be permitted to proceed on their Eighth Amendment claim against Defendants Heid and Damron.

Plaintiffs may not, however, represent a class of similarly-situated prisoners. Plaintiffs are non-attorneys proceeding *pro se.* They cannot adequately represent a class. *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("p*ro se* prisoners are not able to represent fairly the class"). "This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo*, 213 F.3d at 1321. It is recommended, therefore, that Plaintiffs be permitted to proceed only on their own Eighth Amendment claim.

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that Plaintiffs' equal protection claim be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief on which relief can be granted. It is further **RECOMMENDED** that Plaintiffs' class action allegation be **DISMISSED** and that Plaintiffs be permitted to proceed on their Eighth Amendment claim on their own behalf only.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE