# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RAY SCOTT HEID,** *et al.*, | : |
| Plaintiffs, | : Case No. 2:17-cv-650 |
| v. | : JUDGE ALGENON L. MARBLEY |
| **MARK HOOKS,** *at al.*, | : Magistrate Judge Vascura |
| Defendants. | : |

## **OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (ECF No. 10), which recommended that the Court dismiss Plaintiff Heid's and Plaintiff Damron's equal protection claim and class action allegations and that Plaintiffs be permitted to proceed on their claim of deliberate indifference to a risk of serious harm under the Eighth Amendment to the United States Constitution. For the reasons set forth below, the Court **ADOPTS** the Report and Recommendation with regard to Mr. Heid's and Mr. Damron's Fourteenth Amendment Claim, Eighth Amendment Claim, and class action allegations. This Court hereby **DISMISSES** Mr. Heid's and Mr. Damron's Fourteenth Amendment Claim and class action allegation and permits them to proceed on their Eighth Amendment Claim.

## I. BACKGROUND

### A. Factual Background

Plaintiffs Ray Scott Heid and James E. Damron, inmates at the Ross Correctional Institute ("RCI"), brought this action under 42 U.S.C. § 1983 against Mark Hooks, the Warden of RCI, and Jeffrey Howard, the Deputy Warden of Operations of RCI. Specifically, Mr. Heid and Mr. Damron

seek to represent approximately 1,000 similarly-situated white inmates, alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution. (ECF No. 9 at 3).

Mr. Heid and Mr. Damron allege that they and other white inmates are "denied equal privileges of telephone access at RCI" because, in their view, the phones are "controlled by black supremacists." (ECF No. 9 at 3). Mr. Heid and Mr. Damron allege that prison officials allow this control of telephones to occur and have enacted no remedies to the problems in spite of having sufficient notice of these occurrences. (*Id.* at 7). This lack of action on the part of Mr. Hooks and Mr. Howard has, purportedly, emboldened non-white inmates to visit acts of violence against Plaintiffs and other white inmates. (*Id.*). Consequently, Plaintiffs Heid and Damron filed this Complaint on September 14, 2017, alleging violations of both the Eighth and Fourteenth Amendments, attempting to represent as a class all similarly-situated white inmates.

### B. Procedural Background

Following the filing of the Complaint, the Magistrate Judge issued a Report and Recommendation, which recommended that Mr. Heid's and Mr. Damron's Fourteenth Amendment (equal protection) Claim and class action allegation be dismissed per 28 U.S.C. § 1915(e)(2) and that they be permitted to proceed on their Claim of deliberate indifference to a risk of serious harm under the Eighth Amendment. (ECF No. 10 at 1).

Mr. Heid and Mr. Damron filed an Objection (EFC No. 11) to the Report and Recommendation on September 29, 2017, objecting to the recommendation of dismissal of the Fourteenth Amendment Claim. (ECF No. 11 at 2).

## II. LAW AND ANALYSIS

### A. Equal Protection Claim

To state an equal protection claim, "a prisoner need only allege sufficient plausible facts to show that a state actor intentionally discriminated against [him] because of membership in a protected class." (*Id.*) (quoting *Henry v. Metro Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (internal quotation marks omitted). Because Mr. Heid and Mr. Damron only allege *indifference*, not discriminatory intent, on the part of the individual defendants, the Report and Recommendation concludes that they failed to offer facts sufficient to state an equal protection claim. (*Id.*). Furthermore, the Report and Recommendation explains that allegations of indifference do not equate to an official policy of segregation, thus barring an equal protection claim. (*Id.*).

The Court agrees. Neither the Complaint (ECF No. 9) nor the Objection to the Report and Recommendation (ECF No. 11) allege an intentional act of discrimination. Plaintiffs suggest that discriminatory intent on the part of Mr. Hooks and Mr. Howard can be inferred from their deliberate indifference and inaction as to the purported discriminatory activities. (ECF No. 11 at 8). But the facts, as alleged, do not support such an inference: nothing in the record suggests that Mr. Hooks or Mr. Howard harbored any discriminatory intent whatsoever. As a result, the Court **ADOPTS** the Report and Recommendation and **DISMISSES** Plaintiffs' Fourteenth Amendment Claim.

### B. Eighth Amendment Claim

The Magistrate Judge recommended permitting Mr. Heid and Mr. Damron's Eighth Amendment Claim, as they "alleged plausible facts in support of their claim under the Eighth Amendment that Defendants Hooks and Howard were deliberately indifferent to a known risk of serious harm in the form of violence among inmates over telephone access." (ECF No. 10 at 6).

Federal law requires prison officials to take reasonable steps to guarantee inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In other words, "a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828.

In the present case, Mr. Heid and Mr. Damron allege that they informed Defendants Howard and Hooks of the violence or threat of violence against them and that Defendants did nothing in response. (ECF No. 9 at 7). According to Mr. Heid and Mr. Damron, to use the phone without "permission" from black inmates at RCI results either in violence or the threat of violence. (*Id.* at 6). Such a situation appears to impose a substantial risk of harm, which prison officials have a duty to mitigate. The Court therefore **ADOPTS** the Report and Recommendation as to Plaintiffs Heid's and Damron's Eighth Amendment Claim.

### C. Class Allegations

Neither Mr. Heid nor Mr. Damron are attorneys, and they are proceeding *pro se*. Although the law grants individuals the right to represent themselves in court if they so wish, "the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Ziegler v. Michigan*, 59 F.App'x 622 (6th Cir. 2003). The Tenth Circuit in *Fymbo* also cites Federal Rule of Civil Procedure 23(a)(4), which stipulates that representative parties in a class action must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Because neither Mr. Heid nor Mr. Damron are attorneys, they are unable to fairly and adequately protect the interests of a class of similarly-situated inmates. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) Thus, the Court **ADOPTS** the Magistrate's Report and Recommendation with

regard to Plaintiffs Heid's and Damron's class action allegation.  Plaintiffs' class allegation claim is **DISMISSED**.

### III.    CONCLUSION

The Court **ADOPTS** the Report and Recommendation (ECF No. 10).  The Fourteenth Amendment Claim and class action allegations are hereby **DISMISSED**.  Mr. Heid and Mr. Damron may proceed as to their Eighth Amendment Claim.

**IT IS SO ORDERED.**

**DATED: July 31, 2018**

<u>**/s/ Algenon L. Marbley**</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**