# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RAY SCOTT HEID,** *et al.*,

    **Plaintiffs,**

vs.

    Civil Action 2:17-cv-650
    Judge Algenon L. Marbley
    Magistrate Judge Chelsey M. Vascura

**MARK HOOKS,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiffs, Ray Scott Heid and James E. Damron ("Plaintiffs"), state prison inmates who are proceeding without the assistance of counsel, bring this action under 42 U.S.C. § 1983 against Defendants, Mark Hooks, and Jeffrey Howard ("Defendants"), employees of Ross Correctional Institution ("RCI"), in their individual and official capacities. (ECF No. 1.) This matter is before the undersigned for consideration of Defendants' Motion to Dismiss (ECF No. 19) and Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 25). For the reasons that follow, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART.**

### I. BACKGROUND

This Court previously performed an initial screen of the Complaint and dismissed Plaintiffs' equal protection claim under the Fourteenth Amendment and class-action claim under the Eighth Amendment. (ECF Nos. 10, 12.) Only Plaintiffs' individual claims of deliberate indifference to a serious risk of harm under the Eighth Amendment remain. (*Id.*)

For these individual claims, Plaintiffs assert that Defendants were deliberately indifferent

to a substantial risk of physical harm related to their use of the prison phones. According to Plaintiffs, a group of "black supremacist" inmates control five of the six phones in the cell block and limit white inmates' use to the remaining phone. Plaintiffs allege that this phone control results in violence and threats of violence and further allege that despite having notice of the violence relating to telephone access, Defendants have not taken meaningful steps to rectify the situation. (ECF No. 1-1.)

In their Motion to Dismiss, Defendants first assert that the Eleventh Amendment bars Plaintiffs from suing Defendants in their official capacities. Defendants next argue that Plaintiffs' individual capacity claims should be dismissed because Defendants are entitled to qualified immunity. Defendants further maintain that they have not acted with deliberate indifference to the risk of harm, but that they have instead offered solutions to Plaintiffs, as evidenced by the exhibits Plaintiff attaches to his Complaint. (ECF No. 1-1, PAGEID #28-41, 61-64, 69, 77-78). Finally, Defendants contend that Plaintiffs are not entitled to a preliminary injunction.

Plaintiffs oppose Defendants' Motion to Dismiss, contending that they are permitted to sue Defendants in their official capacity because they are seeking injunctive relief. Plaintiffs also contest Defendants' assertions that they are entitled to qualified immunity and that they offered reasonable solutions to the risk of harm resulting from tensions over phone use.

## II. STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d

502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S., at 678 (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S., at 678 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678 (quoting *Twombly*, 550 U.S. at 570). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. DISCUSSION

The undersigned first considers Defendants' contention that the Eleventh Amendment bars Plaintiffs from suing Defendants in their official capacities before turning to Defendants' arguments in favor of dismissal of Plaintiffs' claims against them in their individual capacities.

A.  **Official Capacity Claims**

The undersigned concludes that, to the extent Plaintiffs seek monetary damages against Defendants in their official capacities, their claims are barred by the Eleventh Amendment. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Moreover, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). Thus, it is immaterial that Plaintiffs named individual employees of RCI rather than the state of Ohio; Ohio is the real party in interest in the official capacity claim. Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Plaintiffs' claim for injunctive relief against Defendants in their official capacities, however, may proceed. "The exception set forth in *Ex Parte Young* allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017). The *Ex Parte Young* doctrine "rests on the premise . . . that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S.

247, 255 (2011). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment Bar to suit, a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Com'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)). Here, Plaintiffs seek injunctive relief to govern Defendants' future conduct. Specifically, Plaintiffs ask for an injunction against "any other and/or further Constitutional violations as set forth [in the Complaint]" and additionally ask for one of the following forms of relief: (1) that Defendants place a phone in every cell; (2) that Defendants designate "racially balanced phones;" (3) that Defendants limit inmates to one completed call per day; or (4) any other action that will cure the harm and permit equal accessibility to institutional phones. (ECF No. 1–1.) Because Plaintiffs seek relief that is properly characterized as prospective, their claim for injunctive relief against Defendants in their official capacities may proceed.

Accordingly, it is **RECOMMENDED** that Plaintiffs' claims for monetary damages against Defendants in their official capacities be **DISMISSED**, but that Defendants' Motion be denied with respect to Plaintiffs' claims for injunctive relief against Defendants in their official capacities.

**B.     Individual Capacity Claims**

The undersigned finds Defendants' Motion to Dismiss Plaintiffs' individual capacity claims to be without merit. As an initial matter, Defendants are not entitled to qualified immunity at this juncture because Plaintiffs have sufficiently alleged that Defendants violated their clearly established Eighth Amendment rights. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right

that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Under this doctrine, "'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "[Q]ualified immunity applies irrespective of whether the official's error was a mistake of law or a mistake of fact, or a mistake based on mixed questions of law and fact." *Hall v. Sweet*, 666 F. App'x 469, 477-78 (6th Cir. 2016) (citing *Pearson v. Callahan* 555 U.S. 223, 231 (2009)). In determining whether an official is entitled to qualified immunity, "we ask two questions: 'First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?'" *Mitchell v. Schlabach*, 864 F.3d 416, 420 (6th Cir. 2017) (quoting *Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010)). For the reasons set forth in the undersigned's Report and Recommendation (ECF No. 10) and the Court's Opinion & Order adopting the Report and Recommendation (ECF No. 12), Plaintiffs have adequately pled that Defendants violated their clearly established Eighth Amendment right to protection from violence at the hands of other inmates.

Moreover, Defendants' arguments for dismissal of Plaintiffs' individual capacity claims improperly require this to Court accept as true their responses in the grievances that Plaintiffs attached to their Complaint. Pursuant to Federal Rule of Civil Procedure 10(c), "a statement in a pleading *may be adopted by reference* elsewhere in the same pleading or motion." Fed. R. Civ. P. 10(c) (emphasis added). Further, a "copy of a written instrument that is an exhibit to a

pleading is a part of the pleading for all purposes." *Id*. Nevertheless, "it is generally not permissible to accept as true the defendants' responses to a *pro se* prisoner's grievances that are attached to his complaint, where the prisoner disputes the validity of the defendants' statements." *Turner v. Welkal*, No. 3:12-cv-0915, 2014 WL 347815, at *18 (M.D. Tenn. Jan. 31, 2014); *Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008) ("Rule 10(c) does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact."). Here, Plaintiffs attached the at-issue grievances to their Complaint to demonstrate that Defendants had been made aware of the telephone access tensions and the resulting risk of violence. Nothing in their Complaint reflects that Plaintiffs intended to accept as true or adopt Defendants' responses to those grievances. *Cf. Jones*, 521 F.3d at 561 (holding that attachment of a transcript of defendant's unilateral statements to complaint did not mean that the plaintiff adopted those statements but instead shows that the defendant made such statements); *Franklin v. Dudley*, No. CIV S-07-2259, 2009 WL 3073930, at *3 (E.D. Cal. Sept. 22, 2009) (statements defendant made in grievance were not adopted into complaint where plaintiff attached grievance to complaint to prove exhaustion of administrative remedies, and nothing in the complaint suggested that the plaintiff was adopting as true the defendant's statements). It is therefore **RECOMMENDED** that the Court decline rely upon Defendants' statements in the grievances Plaintiffs attached to their Complaint to disturb its earlier holding that Plaintiff had sufficiently alleged an Eighth Amendment claim.

## IV. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 19) be **GRANTED IN PART** and **DENIED IN PART** as set forth above**.**

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE